UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALEXIS REYES,

        Plaintiff,

v.                                                    Case No. 8:22-cv-48-MSS-SPF

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

        Before the Court is Plaintiff's Counsel's Unopposed Request for Authorization to Charge a Reasonable Fee, brought pursuant to 42 U.S.C. § 406(b) (Doc. 23). On June 2, 2022, at the agency's request, the undersigned issued a report and recommendation recommending that the Commissioner's decision be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) (Doc. 17). On June 7, 2022, the district judge entered an order adopting the report and recommendation (Doc. 18). The Court then awarded Plaintiff's attorney $3,189.50 in fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") (Doc. 22). Upon remand, the Commissioner issued a favorable decision resulting in Plaintiff's award of $52,758.00 in past-due benefits (Doc. 23-2 at 3). Counsel now seeks $10,035.62 in fees under § 406(b).[1] The Commissioner does not oppose the motion (Doc. 23 at 3).

---

[1] The agency withheld 25% of Plaintiff's past due benefits, or $13,189.50, to pay Plaintiff's attorney (Doc. 23-2). Any award, however, must be offset by the EAJA fees. *See Watford v. Heckler*, 765 F.2d 1562, 1566 n.5 (11th Cir. 1985). Such offset may be achieved by counsel's payment to claimant of the amount of the EAJA award or by a reduction of the § 406(b) fee request in the amount of the EAJA fee award. *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268,

Under § 406(b)(1)(A), whenever a court renders a judgment favorable to a claimant in a social security matter, the court may award the claimant's attorney a reasonable fee for his representation. Such fee is not to exceed 25 percent of the retroactive benefits to which the claimant is entitled. 42 U.S.C. § 406(b). Even when the fees requested are unopposed and the fee sought does not exceed the statutory limitation on attorneys' fees, the Court still must inquire whether such fee is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). "Generally, the best indicator of the reasonableness of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client." *Pearce v. Astrue*, 532 F. Supp. 2d 1367, 1369 (M.D. Fla. 2008) (citation and quotations omitted). Other factors to be considered address the "character of the representation and the results the representative achieved"; for example, whether the attorney was responsible for a delay that would result in a greater fee due to the accumulation of back benefits and whether the "benefits are large in comparison to the amount of time counsel spent on the case." *Gisbrecht*, 535 U.S. at 808 (citations omitted). Although a court is not to apply a lodestar method in determining the reasonableness of an agreed-upon contingency fee, a court may consider the record of "the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.*

---

1273-74 (11th Cir. 2010). Here, Plaintiff's counsel seeks a § 406(b) award of $10,035.62 to account for the $3,153.88 in EAJA fees he already obtained.

Here, counsel seeks fees for his representation of Plaintiff during the appeal before this Court, which reversed and remanded Plaintiff's application to the agency, which in turn issued a favorable decision. The agency found Plaintiff disabled and awarded benefits calculated back to June 2019 (*see* Doc. 23-2 at 2). Plaintiff entered into a fee agreement to pay her counsel 25 percent of the past due benefits awarded (Doc. 23-1). According to the agency's Notice of Award, Plaintiff's past due benefits total $52,758.00 (Doc. 23-2), and 25 percent equals $13,189.50. Plaintiff's counsel seeks $10,035.62 in fees under 42 U.S.C. § 406(b). This is the difference between $13,189.50 (25 percent of Plaintiff's back due benefits) and $3,153.88 (the total amount of Plaintiff's counsel's EAJA awards).

Counsel attests to performing 13.7 hours of work on this case (Doc. 27-4 at 7). This amounts to an hourly fee of $962.74 for attorney time. Considering the risk counsel assumes in a contingency case, this is reasonable. *See Amador v. Comm'r of Soc. Sec.*, No. 8:16-cv-3271-T-MCR, 2019 WL 2269826, at *2 (M.D. Fla. May 28, 2019) (approving hourly rate of $1,279.00 and finding it was not a windfall to the attorney); *Vilkas v. Comm'r of Soc. Sec.,* No. 2:03CV687FTM-29DNF, 2007 WL 1498115, at *2 (M.D. Fla. May 14, 2007) (report and recommendation of magistrate judge finding reasonable a § 406(b) fee that amounted to payment of $1,121.86 per hour for attorney's representation of plaintiff before the court); *Thomas v. Barnhart,* 412 F. Supp. 2d 1240, 1242–44 (M.D. Ala. 2005) (citing *Claypool v. Barnhart,* 294 F. Supp. 2d 829 (S.D.W. Va. 2003), wherein $1,433.12 per hour was permitted).

3

It is **RECOMMENDED**:

1. Plaintiff's Counsel's Unopposed Request for Authorization to Charge a Reasonable Fee under 42 U.S.C. § 406(b) (Doc. 23) be **GRANTED**;

2. Plaintiff's counsel be awarded $10,035.62 in attorney's fees; and

3. The Clerk of the Court enter judgment accordingly.

**IT IS SO REPORTED** in Tampa, Florida, on April 7, 2025.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so.  28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.  Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1.